Honorable Donald Santulli Assistant to the Chairman State Liquor Authority
You have requested our opinion whether as a recently appointed officer of the State Liquor Authority, your holding of certain financial interests in the private sector would constitute a violation of the Code of Ethics set forth in section 74 of the Public Officers Law.
According to your letter, you were appointed Deputy Commissioner — Assistant to the Chairman of the State Liquor Authority. You are the joint owner of one-third of the capital stock of a brokerage and insurance agency licensed by the State, which has regularly for thirteen years sold insurance to restaurants, liquor stores and other entities licensed by the State Liquor Authority. These sales represent on the average between 5% and 10% of the corporation's income. Your question is whether these circumstances would constitute a violation of section74(3)(i) of the Public Officers Law which provides:
 "i. No officer or employee of a state agency employed on a full-time basis nor any firm or association of which such an officer or employee is a member nor corporation a substantial portion of the stock of which is owned or controlled directly or indirectly by such officer or employee, should sell goods or services to any person, firm, corporation or association which is licensed or whose rates are fixed by the state agency in which such officer or employee serves or is employed."
You also ask whether under this provision you would be prohibited from renewing existing business as contrasted with soliciting new business.
The term "state agency" as used in section 74 means "any state department, or division, board, commission, or bureau of any state department" (id., § 74[1]). Since the State Liquor Authority is the head of the Alcoholic Beverage Control Division and is designated by law as a part of the Executive Department (Alcoholic Beverage Control Law, § 10), an officer or employee of the Authority is subject to the provisions of section 74 of the Public Officers Law.
We believe that under the facts you have related, there would exist a violation of section 74(3)(i). First, we believe that your one-third joint ownership of stock in the corporation selling insurance to entities licensed by the Authority would constitute substantial ownership of stock within the meaning of section 74(3)(i) of the Public Officers Law. This is consistent with criteria established by section 73(4) of that law, which prohibits the sale of goods or services to the State by a corporation in which at least 10% of the stock is owned by an officer or employee of a State agency or member or employee of the Legislature. We believe that both the renewal of existing business and the solicitation of new business would be prohibited. The apparent purpose of section 74(3)(i) is to eliminate the potential for a conflict of interest by prohibiting an officer or employee of an agency with licensing or rate-fixing authority from doing business with an entity regulated by such agency. We believe that the potential for such a conflict exists both in the renewal of existing business and in the solicitation of new business. For example, existing customers may desire to buy their insurance elsewhere to realize lower rates or better service. Therefore, we see no reason to distinguish between a renewal of business as compared with the solicitation of new business. In both situations the consumer is faced with a business judgment. Further, State officers and employees are required to avoid even the appearance of impropriety (id., § 74[3][h]). In our opinion, the fact that the corporation in which you own stock is doing business with an entity licensed by the Authority, would create an appearance of impropriety.
We note also that section 16 of the Alcoholic Beverage Control Law provides that no member of the State Liquor Authority or any officer, deputy, assistant, inspector or employee of the Authority may "receive any commission or profit whatsoever, direct or indirect, from any person applying for or receiving any license or permit" issued under the provisions of the Alcoholic Beverage Control Law. As a stockholder of a corporation doing business with an entity licensed by the Authority, it appears that you would be in violation of this provision. It appears that this provision would prohibit receipt of commissions or profits from business procured prior to your State employment as well as from subsequent renewals and new solicitations.
We conclude that an officer of the State Liquor Authority who jointly owns one-third of the stock of a corporation selling insurance to businesses licensed by the Authority would be in violation of ethics standards established by law.